UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEVE MILLER,

        Plaintiff,

   v.

SOUTHERN PACIFIC TRANSPORTATION COMPANY; and UNION PACIFIC RAILROAD COMPANY,

        Defendants.
                               /

NO. CIV. S-01-210 LKK/GGH

O R D E R

On February 19, 2003, defendant filed a motion for leave of court to deposit funds. Defendant notified the court that the settlement agreement in the above-captioned case was in the amount of $418,392.75, which was derived by adding $18,392.75, which plaintiff's former counsel, Larry Lockshin, claimed was expended or incurred on behalf of his client.[1] On January 17, 2003, Lockshin filed a Notice of Attorney Lien, but never specified the

---

[1] Shortly before the parties settled this case, Mr. Lockshin withdrew from representation.

1

exact amount he believed he was owed.[2]

The court subsequently granted defendant's motion to deposit the funds and dismissed defendant from the case. The record reflects that the maximum amount of attorney fees due to Lockshin was deemed to be 25% of the remaining $400,000 in settlement monies, an amount that remains in dispute.[3] That 25% was based upon the terminated contract percentage of fees. See Def.'s Mot.

---

[2] The court is compelled to note that despite plaintiff's repeated efforts to determine the amount owed to his former counsel, Larry Lockshin, he has been unable to do so, which the court largely attributes to Mr. Lockshin. On December 24, 2002, in response to a letter from plaintiff requesting an accounting of the amount of attorney time which was spent on his case, Mr. Lockshin wrote as follows:

> Because I have been in trial in the Tim Bernal case, I have not yet been able to provide the file to provide an accounting of the amount of attorney time which has been spent in the projection of your litigation. I have devoted substantial time to your case and in preparing for the prosecution of cumulative injury cases on behalf of enginemen such as yourself. My time in your case will be billed at the rate of $400.00 an hour.

[3] On December 23, 2002, after several attempts to obtain information regarding Mr. Lockshin's charges, plaintiff wrote a letter to Mr. Lockshin, stating in pertinent part:

> I was disappointed that you interrogated me regarding the possibility I had talked to another attorney or the railroad. It seemed to be further evidence of your agenda being other than my individual case. You suggested your possible hourly rate could be as high as $350.00 an hour, an amount no one could afford. In response to that, I'd offer I have not seen anything in my case that would suggest you have earned anything near that amount. Compounding the issue was your veiled threat where you suggested I would regret it if I attempted to negotiate with the railroad. I can only assume you are not providing me with proof of your costs and an amount you anticipate you should receive in way of fees so that it will be an impediment if I attempt to negotiate with the railroad.

2

at 2 (filed February 19, 2003); Ex. 8.  On April 10, 2003, defendant notified the court that it deposited with this court the sum of $118,392.72.  That amount remains in the court's account.  Because there appears to be a dispute between plaintiff and his former counsel as to this amount, the court hereby ORDERS that plaintiff and his former counsel, Larry Lockshin, are each directed to file briefs, no longer than ten (10) pages, setting forth their appropriate claim to the deposited funds.  Such briefs shall be due no later than January 3, 2006 at 4:30 p.m.  The matter shall stand submitted upon receipt of the briefs.[4]

IT IS SO ORDERED.

DATED:   December 6, 2005.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] Oral argument shall be scheduled if the court finds it necessary.

3